UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOYCE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC., formerly known as WAL-MART STORES, INC., doing business as WAL-MART 5486 SUPERCENTER, <br><br> Defendant. | No. 18 C 1356 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Joyce Williams tripped and fell while shopping at Walmart and claims negligence by Walmart under Illinois law. Walmart has moved for summary judgment. R. 29. That motion is denied.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th

Cir. 2018). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Background**

Williams had shopped at the Walmart in Country Club Hills, Illinois many times. R. 31 ¶ 11; R. 33 ¶ 11. During her visit on March 2, 2016, she noticed a spinning merchandise display in a large aisle. R. 31 ¶¶ 5, 15; R. 33 ¶¶ 5, 15. As she approached the display, she saw a plastic "stack base"—similar to a pallet—on the floor. R. 31 ¶ 16; R. 33 ¶ 16. Walmart used such stack bases as temporary displays with merchandise stacked on top. *See* R. 30-7 at 5 (15:24–17:20); R. 30-6 at 3-4 (8:13–11:17). Williams testified that the stack base was empty. R. 30-4 at 13 (47:6-7). Two Walmart employees also testified that the stack base was empty. R. 36 ¶¶ 20, 27. However, a third Walmart employee testified that it contained some products but could not remember what kind of products. R. 30-7 at 7 (24:21–25:5). The stack base was three feet by three feet square, medium brown in color, and about three or four inches high. R. 31 ¶¶ 18-19; R. 33 ¶¶ 18-19. A Walmart employee testified that the stack base is raised off the floor about an inch or two by legs in each corner. R. 30-7 at 6 (18:10–19:4). There were 18 inches between the base of the spinning display and the stack base. R. 31 ¶ 20; R. 33 ¶ 20. Williams was able to walk in that space in order to spin the display and look at the merchandise. R. 31 ¶¶ 21-22; R. 33 ¶¶ 21-22.

Williams was at the store with her adult daughter. She testified that when her daughter called out to her from another part of the store, Williams stopped looking

at the merchandise and started to move towards her daughter. See R. 30-4 at 14 (50:20-22). Williams's foot got "hooked on" the stack base and she tripped and fell backwards onto it. R. 31 ¶¶ 25-26; R. 33 ¶¶ 25-26. Williams testified that she was paying attention to where she was walking and was not distracted by anything at the time she fell. R. 30-4 at 16 (60:2-11).

## Analysis

### I. Open and Obvious

Under Illinois law, a "possessor of land," like Walmart in this case, "is not liable to [its] invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them." *Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (Ill. 2014). "Known or obvious" means that "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Id.* "Whether a dangerous condition is open and obvious may present a question of fact." *Id.* "But where no dispute exists as to the physical nature of the condition, whether the dangerous condition is open and obvious is a question of law." *Id.*

"Fire, height [from which one might fall], and bodies of water" are the paradigmatic examples of open and obvious physical danger. *See Bruns*, 21 N.E.3d at 690. Other examples of open and obvious dangers identified by Illinois courts include: a hole in a parking lot, *Rexroad v. City of Springfield*, 796 N.E.2d 1040 (Ill. 2003); a high voltage power line in close proximity to walkway along an elevated billboard, *Am. Nat. Bank & Trust Co. of Chi. v. Nat. Advertising Co.*, 594 N.E.2d 313 (Ill. 1992);

a rut in the ground on a construction site directly outside a portable bathroom, *Deibert v. Bauer Bros. Constr. Co. Inc.*, 566 N.E.2d 239 (Ill. 1990); a five-foot concrete post outside a retail store entrance, dividing the store from its parking lot, *Ward v. K Mart Corp.*, 554 N.E.2d 223 (Ill. 1990); a defective sidewalk in front of the plaintiff's home, *Sandoval v. City of Chicago*, 830 N.E.2d 722 (Ill. App. Ct. 1st Dist. 2005).

Walmart argues that the stack base was an open and obvious risk, primarily because Williams admits that she knew the stack base was there. The Court agrees to the extent that it should be obvious to a reasonable person with knowledge of a low-lying object that the object poses a tripping hazard. This reasoning comports with the decisions cited above finding open and obvious risks in cases of: a hole in a parking lot surface; a concrete post dividing a store from a parking lot; and rut in the ground outside a portable bathroom on a construction site.

However, in this case there is a dispute as to whether there was merchandise on the stack base. The risk of a stack base filled with merchandise is not as obvious as an empty stack base because the merchandise effectively increases the height of the object in question. A person backing into a full stack base might be supported against the merchandise and prevented from falling. An empty stack base would more obviously undercut a person who tripped on it.

Additionally, Williams testified that she did not simply trip on the stack base as she turned around, but that her foot became "hooked" on the stack base. This testimony comports with the testimony of a Walmart employee that the stack base was raised one or two inches off the floor by small legs in each corner. Presumably,

4

this created a lip which a person's foot could slip under. Such a lip could materially increase the tripping risk posed by the stack base because a person might not simply bump against the stack base but could become entangled under the stack base. If this space under the stack base is not obvious, the increased risk it poses would also not be "open and obvious" as a matter of law.

The record is insufficient for the Court to make a finding on this issue as a matter of law. There is no photo of the stack base in the record, nor testimony about how visible the lip is other than its general dimensions. Perhaps the lip is as obvious as the stack base itself. But perhaps the lighting and coloring of the stack base and floor concealed the lip. Since the record is deficient in this regard, and a dispute exists regarding the amount of merchandise on the stack base, a jury must decide whether the danger in this case was open and obvious.[1]

## II. Distraction Exception

Even if the jury finds that the danger posed by the stack base was open and obvious, the jury will also consider Walmart's liability under an exception to the open and obvious rule. "Exceptions to the rule make provision for cases in which the [defendant] can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger." *Bruns*,

---

[1] The Court notes that the Seventh Circuit recently decided a case in which the plaintiff tripped on a wooden sign posted in a retail store in front of the construction materials the plaintiff intended to purchase. *See McCarty v. Menard, Inc.*, 2019 WL 2171464 (7th Cir. May 20, 2019). In *McCarty*, the court affirmed the district court's finding that the sign was open and obvious. In *McCarty*, however, there were not material disputes regarding the physical nature of the dangerous condition, as there are in this case.

21 N.E.3d at 691. "The 'distraction exception' applies where the [defendant] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Id.* "In general, whether the distraction exception applies turns on whether the defendant or plaintiff created the distraction." *Savage v. Ritchie Bros. Auctioneers (Am.)*, 2012 WL 1520710, at *4 (N.D. Ill. Apr. 30, 2012). Such distractions can include "goods on display." *Ward*, 554 N.E.2d at 230 (quoting W. Keeton, Prosser & Keeton on Torts § 61, at 427 (5th ed. 1984)).[2]

Each of the Illinois court decisions cited above finding open and obvious conditions also found the distraction exception applicable. In *Ward,* the plaintiff who collided with a concrete post was carrying a large mirror he had just purchased at the store. *See also Scott v. Menard, Inc.*, 2017 WL 3421553, at *5 (N.D. Ill. Aug. 9, 2017) (relying on *Ward* to apply distraction exception to plaintiff who tripped in a store while carrying a package). In *Deibert*, the plaintiff was looking up to avoid debris that was known to be thrown from the upper levels of the construction site when he stepped in the rut outside the portable toilet. In *American National Bank*, a billboard painter was focusing on the narrow walkway along the elevated billboard when he was electrocuted by a high-voltage power line that hung only 4.5 to 5 feet above the

---

[2] Illinois law also recognizes the "deliberate encounter exception" which "applies where the [defendant] has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Bruns*, 21 N.E.3d at 691. Williams does not raise this exception, presumably because she does not contend she deliberately encountered the stack base.

6

walkway. Finally, in *Rexroad*, the plaintiff was focused on retrieving equipment for the high school football team when he stepped in a hole in the school's parking lot.

In arguing that the distraction exception does not apply here, Walmart relies on Williams's testimony that she was not "distracted" when she tripped on the stack base. But this testimony is insufficient to eliminate this exception as a matter of law because it is ambiguous:

> Q: But at the time you fell, were you looking at the items, or were you making your way back to your daughter?
> A: I was making my way back to turn out of there. I had put the stuff back and turning around to come out.
> Q: So would it be fair to say that you were no longer looking at the merchandise when you fell?
> A: No.
> Q: What I said was correct?
> A: Yes, yes.
> Q: Were you paying attention to where you were walking?
> A: Mm-hmm.
> Q: So you weren't distracted by anything?
> A: No.

R. 30-4 at 16 (59:20–60:11). Walmart's argument assumes this testimony means that the products in the store did not distract Williams from awareness of the stack base. But neither the question nor Williams's answer references the object of Williams's attention or potential distraction. Because of this ambiguity, her testimony could reasonably be understood to mean that as she turned away from the merchandise she was focused on beginning to walk towards her daughter. This ambiguity also means that a reasonable jury could find that Williams's perusal of the merchandise caused her to forget the stack base's placement as she started to walk. Since forgetting the

7

existence of an open and obvious hazard is a circumstance in which the distraction exception can apply, Williams's testimony does not preclude its application.

The undisputed facts are sufficient for a reasonable jury to find that Williams was distracted for a time while she viewed the merchandise after she first noticed the stack base such that she forgot to take account of its presence when she began to walk away. The stack base was placed 18 inches from a display of clearance merchandise. Presumably, Walmart intended to attract customers like Williams to examine this merchandise. In order to examine this merchandise, Williams moved between the display and the stack base. A reasonable jury could find that Williams's focus on the merchandise distracted her from the stack base's presence, and that Walmart caused this distraction by placing the merchandise display near the stack base. A number of courts (including at least two in which Walmart was the defendant) have found that whether goods in a retail store distracted a customer is a question for the jury. *See Minnick v. Sam's W., Inc.*, 2018 WL 6101025, at *2 (N.D. Ill. Nov. 21, 2018) ("Immediately before tripping over the detergent container, Minnick was looking at and handling products on display on racks, which is precisely why those products are there on display. A reasonable jury could find that Sam's West had every reason to expect that a shopper's attention might be distracted by displayed products so that she would forget a dangerous condition right next to her, even if she had seen it just before."); *Wilson v. Wal-Mart Stores, Inc.*, 2017 WL 1425598, at *5 (N.D. Ill. Apr. 20, 2017) ("defendant had duty to protect customer from large cleaning machine on store floor, even if it is an open and obvious danger because 'her focus on finding the

8

cosmetic items she wanted to purchase distracted her from noticing the danger the machine posed'" (quoting *Bulduk v. Walgreen Co.*, 63 N.E.3d 975, 981 (Ill. App. Ct. 1st Dist.)); *Sepulveda v. Target Corp.*, 2017 WL 474418, at *3 (N.D. Ill. Feb. 6, 2017) ("[O]ne could argue that Target should have reasonably foreseen that customers like Sepulveda would be distracted by looking at items on the store shelves and consequently not notice the open and obvious hazards on the ground."); *Fetzer v. Wal-Mart Stores, Inc.*, 2016 WL 792296, at *17 (N.D. Ill. Mar. 1, 2016) ("Given this authority, the court declines to find, as a matter of law, that Wal-Mart did not expect customers to focus on its merchandise displays while shopping. Indeed, it appears likely that Wal-Mart designed its displays to achieve this very result."); *Geleta v. Meijer, Inc.*, 2013 WL 6797111, at *6 (N.D. Ill. Dec. 23, 2013) ("Plaintiff was at Meijer to shop and was headed toward the chicken products when she fell. It's not a stretch to say that a customer at a grocery store may not be canvassing the ground for spills, but instead might be distracted by finding the items on her grocery list."); *Savage*, 2012 WL 1520710, at *4 ("In the context of a store and its invitees, a defendant store has a duty to protect its customers who are likely to be distracted in the aisles against even open and obvious hazards."); *Herrera v. Target Corp.*, 2009 WL 3188054, at *6 (N.D. Ill. Sept. 30, 2009) ("This Court finds, as a matter of law, that Defendant had a duty, as in *Ward,* to protect its customers who are likely to be distracted in the aisles against even open and obvious hazards or forgetful of the condition after momentarily encountering it."); *Buchanan v. Whole Foods Mkt. Grp., Inc.*, 2009 WL 1514655, at *7 (N.D. Ill. May 27, 2009) ("In this case, the plaintiff was carrying two grocery items,

9

looking for fish batter, and following one of Defendant's employees to the batter's location. All of these facts distracted Buchanan's attention from the [tripping hazard]."). Accordingly, even if the jury finds that danger to be open and obvious, the jury will consider whether Walmart should have known that its merchandise would have distracted shoppers like Williams from recognizing the tripping danger posed by the stack base.

This case is different from cases involving injuries in retail stores where courts have declined to apply the distraction exception. In *Rosenberg v. Home Depot*, the plaintiff stepped between a parked forklift and a merchandise display. 2019 WL 670262 (N.D. Ill. Feb. 19, 2019). Once in that position, the plaintiff saw the item he wanted. As he moved to grab the item, plaintiff also noticed the forklift blades and attempted to step over them. Plaintiff tripped on the blades. The court held that the distraction exception did not apply because the plaintiff's "attention was fixed on the very item he sought to [avoid] as he attempted to step over the fork." *Id.* at *7.

In a similar case, the Illinois Appellate Court held that the distraction exception did not apply to a plaintiff who had to step on a wooden pallet in order to retrieve a bag of soil she wanted to purchase. The plaintiff stepped in between the pallet's boards when stepping back after picking up the bag of soil and injured her foot. The court held that the distraction exception did not apply because "[p]laintiff simply was not looking where she was going." *Kleiber v. Freeport Farm & Fleet, Inc.*, 942 N.E.2d 640, 649 (Ill. App. Ct. 3d Dist. 2010).

10

In *Dunn v. Menard*, the plaintiff was injured in a section of a retail store provided for customers to load their vehicles with large items they had purchased. 880 F.3d 899 (7th Cir. 2018). The plaintiff purchased rolls of insulation which were each approximately 16 feet tall and stored vertically. The plaintiff parked his car next to a roll that was leaning precariously. He proceeded to load his vehicle for 10-15 minutes at which point the leaning roll fell on him. The Seventh Circuit affirmed the district court's decision not to apply the distraction exception, because "the mere fact of looking elsewhere does not constitute a distraction." *Id.* at 909.

These decisions might be interpreted to mean that a plaintiff focused on merchandise is not "distracted" and the exception to "open and obvious" danger does not apply. But in all three cases, the plaintiffs injured themselves while deliberately encountering the dangerous condition. The plaintiff in *Rosenberg* saw the forklift blades and stepped over them to reach for the merchandise anyway. The plaintiff in *Kleiber* saw the pallet and stepped on it to retrieve merchandise anyway. The plaintiff in *Dunn* saw the precariously leaning roll of insulation and loaded his vehicle in its shadow anyway. By contrast, Williams did not take an inherently dangerous action by standing between the display and the stack base in order to view the merchandise. She noticed the stack base, but, taking the facts in the light most favorable to Williams, she believed she had avoided the stack base. A reasonable jury could find that Walmart had "reason to expect" that customers would move into the space between the display and the stack base and be at least momentarily distracted by the merchandise. Indeed, Walmart wanted Williams to look at the merchandise between

11

the display and the stack base. This case is unlike *Dunn*, *Kleiber*, and *Rosenberg*, the defendant-retailers did not have reason to expect that the plaintiffs would take the risky actions they did. Because a reasonable jury could find that Walmart should have anticipated Williams action and distraction, summary judgment on the application of the distraction exception is denied.

### III. Contribution

Walmart also argues that it "is entitled to summary judgment because Plaintiff's contributory negligence is greater than 50%, thereby barring her recovery." R. 30 at 7. Walmart contends that Williams was more than 50% contributorily negligent because she walked between the spinning display and stack base when she could have simply spun the display. *See id.* at 6. But this is simply a fact for the jury to weigh against Walmart's decision to leave space between the spinning display and the stack base for customers to access. For the reasons discussed with respect to the open and obvious nature of the risk, and Walmart's potential responsibility for the distraction presented by its merchandise, the Court also rejects Walmart's argument about contribution as a matter of law. As the Illinois Supreme Court explained in *Ward*:

> Our holding does not impose on defendant the impossible burden of rendering its premises injury-proof. Defendant can still expect that its customers will exercise reasonable care for their own safety. We merely recognize that there may be certain conditions which, although they may be loosely characterized as "known" or "obvious" to customers, may not in themselves satisfy defendant's duty of reasonable care. If the defendant may reasonably be expected to anticipate that even those customers in the general exercise of ordinary care will fail to avoid the risk

12

because they are distracted or momentarily forgetful, then his duty may extend to the risk posed by the condition. Whether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty are questions properly left to the trier of fact. The trier of fact may also consider *whether the plaintiff was in fact guilty of negligence contributing in whole or in part to his injury, and adjust the verdict accordingly.*

554 N.E.2d at 234 (emphasis added).

## Conclusion

Therefore, Walmart's motion for summary judgment, R. 29, is denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: June 4, 2019